UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 09-7 |
| CHANCE FRANKLIN | SECTION "R" |

### **ORDER AND REASONS**

Before the Court is defendant Chance Franklin's motion for an adjustment to the sentence the Court imposed when it revoked his supervised release.[1] For the following reasons, the motion is denied.

## I. BACKGROUND

On May 21, 2009, Franklin pleaded guilty to knowingly and intentionally distributing a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1).[2] He was sentenced on March 10, 2010 to a term of imprisonment of 90 months, followed by five years of supervised release.[3] Franklin was released from imprisonment in February 2014.[4] On

---

[1] R. Doc. 62.
[2] R. Doc. 19.
[3] R. Doc. 33.
[4] *See* R. Doc. 56 at 1 (Franklin's Probation Dispositional Report).

August 24, 2017[5]—during his term of supervised release—Franklin was arrested and charged with multiple state offenses, including distribution of a controlled substance.[6] On June 25, 2018, he pleaded guilty to this drug charge and was sentenced in the 32nd Judicial District Court of Terrebonne Parish to 12 years at hard labor.[7] On August 22, 2018, the U.S. Attorney's Office filed a rule to revoke his supervised release.[8] On September 18, 2018, the Court found that Franklin violated the terms of his supervised release by committing the crime for which he was sentenced in state court, and sentenced him to a term of imprisonment of 50 months, to be served concurrently with his state sentence.[9]

Franklin now moves for the Court to adjust this 50-month sentence downward.[10] Franklin explains that the Bureau of Prisons (BOP) did not award him credit on his revocation sentence for the time he spent in state custody from August 2017 to September 18, 2018, the date this Court imposed his 50-month sentence.[11] He argues that an adjustment to his

---

[5] Franklin was first arrested on July 10, 2017, but escaped from custody during the booking process. *Id.* at 1-2.
[6] *Id.*
[7] *Id.* at 2.
[8] R. Doc. 53.
[9] R. Doc. 61.
[10] R. Doc. 62.
[11] *Id.* at 6.

sentence is necessary to fulfill the Court's intention of having his federal revocation sentence run concurrently to his state sentence.[12]

## II. DISCUSSION

Franklin correctly notes that the BOP, not the district court, determines if a prisoner is to receive credit towards his federal sentence for time spent in state custody.[13] *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (holding that a district court may not directly award credit against a federal sentence for time spent in official detention and that the Attorney General must compute the credit under 18 U.S.C. § 3585(b)); *United States v. Rorex*, 142 F. App'x 808, 808-09 (5th Cir. 2005) ("[T]he district court did not err by refusing to award [defendant] credit for time served in state confinement because the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.").

Courts also do not have the authority to retroactively reduce a sentence in response to the BOP's determination of whether a prisoner should receive credit for time served. A district court may modify a previously imposed

---

[12] *Id.*
[13] *Id.* at 1.

sentence only in limited circumstances. *See United States v. Zabala-Molina*, 400 F. App'x 872, 874 (5th Cir. 2010) (stating that district courts are authorized to modify previously imposed sentences only in limited circumstances as set forth in 18 U.S.C. § 3582(c)); *see also United States v. De Los Santos*, No. 06-585, 2007 WL 268704, at *1 (S.D. Tex. Jan. 25, 2007) ("The revocation of supervised release is a sentence." (citing *United States v. Moody*, 277 F.3d 719 (5th Cir. 2001))). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three circumstances: (1) "[u]pon motion of the Director of the Bureau of Prisons, [a court] may reduce the term of imprisonment . . . if it finds" special circumstances exist; (2) a court may modify a sentence if such modification is "otherwise expressly permitted by the statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Franklin has presented no evidence or argument that any of these circumstances are present. Accordingly, the Court may not modify his sentence.[14]

---

[14] Separately, Franklin's contention that the Court intended to have his federal revocation sentence start in August 2017 when he was arrested by state officials is unavailing. Franklin bases this argument on the fact that the Court ordered his federal sentence to run concurrently to his state sentence. But as the Eleventh Circuit has noted, the term "concurrent" "does not mean

## III. CONCLUSION

For the foregoing reasons, Franklin's motion is DENIED.

New Orleans, Louisiana, this __31st__ day of May, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

that the two sentences 'have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).